IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-01821-PAB-NRN

A1 GARAGE DOOR SERVICE, L.L.C., an Arizona limited liability company,

    Plaintiff,

v.

JEREMY WEST, an individual,

    Defendant.

## ORDER

This matter is before the Court on plaintiff's Motion to Strike Defendant's Affirmative Defenses [Docket No. 10]. Defendant responded to plaintiff's motion, Docket No. 16, and plaintiff replied. Docket No. 17.

## I. BACKGROUND

Plaintiff brings this action against defendant, who is an independent contractor of Overhead Solutions, Inc., d/b/a A1 Garage Doors ("Overhead"). Docket No. 1 at 1–2, ¶ 5; Docket No. 8 at 1–2, ¶¶ 5, 7.[1] Plaintiff asserts claims against defendant for trademark infringement; false designation of origin, unfair competition, and false advertising; common-law name infringement; deceptive trade practices; accounting; and injunctive relief. Docket No. 1 at 5–14, ¶¶ 40–75. Defendant's answer contains

---

[1] Plaintiff and Overhead are involved in related litigation before this Court in *Overhead Solutions, Inc., d/b/a A1 Garage Doors v. A1 Garage Door Service, L.L.C.*, Case No. 19-cv-01741-PAB-NYW. Overhead's lawyers in Case No. 19-cv-01741 represent defendant in this matter, and the defendant's lawyers in Case No. 19-cv-01741 represent plaintiff in this matter.

fourteen affirmative defenses, Docket No. 8 at 2–4, ¶¶ 1–14, which plaintiff seeks to strike pursuant to Federal Rule of Civil Procedure 12(f).  Docket No. 10 at 3.

## II.  LEGAL STANDARD

Rule 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Motions under Rule 12(f) are viewed with disfavor, both because striking a portion of a pleading is a drastic remedy and because such motions are often used as a dilatory or harassing tactic.  5C Arthur R. Miller et al., *Fed. Prac. & Proc.* § 1380 (3d ed. Apr. 2021); *see, e.g.*, *Sender v. Mann*, 423 F. Supp. 2d 1155, 1163 (D. Colo. 2006) (citing *FDIC v. Isham*, 782 F. Supp. 524, 530 (D. Colo. 1992)); *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) ("Striking a party's pleading . . . is an extreme and disfavored measure."); *Cortina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1174, 1182 (S.D. Cal. 2015) ("Motions to strike are generally disfavored because they are often used as delaying tactics." (quotation omitted)).  Thus, motions to strike are typically granted only when the allegations have no bearing on the controversy and the movant can show prejudice. *Sierra Club v. Young Life Campaign, Inc.*, 176 F. Supp. 2d 1070, 1086 (D. Colo. 2001). "An affirmative defense is insufficient if, as a matter of law, the defense cannot succeed under any circumstance."  *Chavez v. Bd. of Cnty. Comm'rs of Lake Cnty.*, 423 F. Supp. 3d 1106, 1108 (D. Colo. 2019) (quoting *Isham*, 782 F. Supp. at 530); *see also S.E.C. v. Nacchio*, 438 F. Supp. 2d 1266, 1287 (D. Colo. 2006) ("A motion to strike an affirmative defense is adjudicated under the same standard as a motion to dismiss; namely, the Court must strike the defense only if it cannot be maintained under any set of

circumstances."). An affirmative defense "should not be stricken if there is any real doubt about its validity, and the benefit of any doubt should be given to the pleader." *Sender*, 423 F. Supp. 2d at 1163 (citation, alterations, and internal quotation marks omitted). Whether to strike a portion of a pleading is within the trial court's discretion. *Scherer v. Dep't of Educ.*, 78 F. App'x 687, 689 (10th Cir. 2003) (unpublished) (reviewing a district court's ruling on a motion to strike for abuse of discretion); *Purzel Video GmbH v. Smoak*, 11 F. Supp. 3d 1020, 1030–31 (D. Colo. 2014); *see also* Fed. R. Civ. P. 12(f) (denoting only that allegations that are subject to Rule 12(f) "may" be stricken).

Plaintiff argues that affirmative defenses must comply with the plausibility pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Docket No. 10 at 3–4. Defendant responds that, "[a]fter thorough research of the law on this issue, [d]efendant was unable to determine how this Court views the heightened standard of pleading" affirmative defenses. Docket No. 16 at 3.² Plaintiff is mistaken, relying primarily on cases from

---

² Magistrate Judge Nina Y. Wang reminded counsel for both parties that,

> by presenting a filing to the court, counsel is "certif[ying] that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," that "the legal contentions *are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law*." Fed. R. Civ. P. 11(b)(2) (emphasis added); *see also Robey-Harcourt v. BenCorp Fin. Co., Inc.*, 326 F.3d 1140, 1143 (10th Cir. 2003) ("Parties must support their arguments with legal authority."); *see also* D.C.COLO.LCivR 7.1(d) ("[A] motion involving a contested issue of law shall state under which rule or statute it is filed and be supported by a recitation of legal authority in the motion."). The submission of unsupported and underdeveloped motions and arguments is unhelpful to the court and impedes the

other districts and circuits. Docket No. 10; Docket No. 17. Courts in this district have held that the requirement that a complaint set forth sufficient factual matter allowing for a reasonable inference that the pleader is entitled to relief, as set forth in *Twombly* and *Iqbal* does not apply to affirmative defenses. *See, e.g.*, *Alarid v. Biomet, Inc.*, No. 14-cv-02667-REB-NYW, 2015 WL 6376171, at *2 (D. Colo. Sept. 22, 2015); *see also Malibu Media, LLC v. Benson*, No. 13-cv-02394-WYD-MEH, 2014 WL 2859618, at *2 (D. Colo. June 20, 2014) (holding that "[a]n affirmative defense is sufficient if stated 'in short and plain terms' pursuant to Rule 8(b)(1)(A), and if the movant fails to demonstrate that the defense cannot succeed under any circumstances"); *Holdbrook v. SAIA Motor Freight Line, LLC*, No. 09-cv-02870-LTB-BNB, 2010 WL 865380, at *2 (D. Colo. Mar. 8, 2010) (finding it "reasonable to impose stricter pleading requirements on a plaintiff who has significantly more time to develop factual support for his claims than a defendant who is only given 20 days to respond to a complaint and assert its affirmative defenses" and concluding that not holding an affirmative defense to the Rule 8(a)(2) standard articulated in *Twombly* and *Iqbal* was "the better-reasoned approach . . . particularly in light of the disfavored status of motions to strike."); *cf. Unger v. U.S. W., Inc.*, 889 F. Supp. 419, 422 (D. Colo. 1995) ("An affirmative defense is insufficient if, as a matter of law, the defense cannot succeed under any circumstance.").

## III. ANALYSIS

Plaintiff seeks to strike each of defendant's fourteen affirmative defenses. *See*

---

advancement of this litigation and the resolution of this case.

*Overhead Sols., Inc. v. A1 Garage Door Serv., L.L.C.*, No. 19-cv-01741-PAB-NYW, 2021 WL 5882140, at *7 (D. Colo. Dec. 13, 2021).

Docket No. 10 at 16 ("Plaintiff requests that under the FRCP 12 and 8 standards, [d]efendant's affirmative defenses need be stricken.").

Federal Rule of Civil Procedure 8(c), which discusses affirmative defenses, was modeled after the "then existing English and New York provisions," yet the rule "differs from both the common law and code practice in that it makes no attempt to define the concept of affirmative defense." 5 Wright & Miller, *Fed. Prac. & Proc. Civ.* § 1270 (4th ed., Oct. 2021). "Rather, [Rule 8(c)] obligates a defendant to plead affirmatively any of the eighteen listed defenses he or she wishes to assert; this is necessary even though some of them were not considered to be pleas by way of confession and avoidance at common law." *Id.* "An affirmative defense . . . is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven." *Medina v. Cath. Health Initiatives*, No. 13-cv-01249-REB-KLM, 2015 WL 13614128, at *1 (D. Colo. May 13, 2015) (*Lane v. Page*, 272 F.R.D. 581, 601 (D.N.M. 2011)). Black's Law Dictionary defines "affirmative defense" as "[a] defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true." *Defense*, Black's Law Dictionary (11th ed. 2019); *see also United States v. $114,700.00*, No. 17-cv-452-CMA-GPG, 2017 WL 8792806, at *1 (D. Colo. Dec. 8, 2017) ("Affirmative defenses are generally those which, when a portion of the complaint is agreed to be true, still constitute a defense to the claimed conduct."), *report and recommendation adopted*, 2018 WL 655040 (D. Colo. Feb. 1, 2018). "It is the defendant's burden to plead an affirmative defense." *Fernandez v. Clean House, LLC*,

5

883 F.3d 1296, 1299 (10th Cir. 2018) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980) ("[T]he burden of pleading [affirmative defenses] rests with the defendant."); *Ghailani v. Sessions*, 859 F.3d 1295, 1306 (10th Cir. 2017) (the complaint need not anticipate affirmative defenses)).

The Court notes that plaintiff, who is the defendant in the *Overhead* case, pled virtually identical affirmative defenses. *See* Case No. 19-cv-01741, Docket No. 24 at 8–9. The Court is therefore concerned that plaintiff's motion is designed to delay or harass defendant. *See Cortina*, 94 F. Supp. 3d at 1182. However, as will be seen, two wrongs do not make a right.

**A.  First Affirmative Defense**

Defendant's first affirmative defense is that, pursuant to 15 U.S.C. § 1115(b)(5), plaintiff's complaint is barred by Overhead's use of the A1 Garage Doors trademark in the Front Range since 2004.[3] Docket No. 8 at 2, ¶ 1. That statute states that

> conclusive evidence of the right to use the registered mark . . . shall be subject to the following defenses or defects . . .
>
> That the mark whose use by a party is charged as an infringement was adopted without knowledge of the registrant's prior use and has been continuously used by such party or those in privity with him from a date prior to (A) the date of constructive use of the mark established pursuant to section 1057(c) of this title, (B) the registration of the mark under this

---

[3] The answer contains a typographical error and cites to "15 U.S.C. § 1115(5)." *Id.* at 2, ¶ 1. As discussed below, plaintiff claims that it was "left to speculate on this affirmative defense" and, "after much research," assumes defendant meant 15 U.S.C. § 1115(b)(5). Docket No. 10 at 5. Defendant confirms that he meant 15 U.S.C. § 1115(b)(5). Docket No. 16 at 5–6. The parties have been admonished that they would "benefit from abandoning the tone and tenor that has been woven throughout the filings and the conduct before the court, in favor of focusing their respective efforts on presenting the court with specific, well-supported statements of fact and argument." Case No. 19-cv-01741, Docket No. 236 at 4.

> chapter if the application for registration is filed before the effective date of the Trademark Law Revision Act of 1988, or (C) publication of the registered mark under subsection (c) of section 1062 of this title: Provided, however, that this defense or defect shall apply only for the area in which such continuous prior use is proved.

15 U.S.C. § 1115(b)(5).

Plaintiff argues that defendant cannot claim this defense through a third party, namely, Overhead. Docket No. 10 at 5–6. Plaintiff provides no support for this argument and has not demonstrated that the affirmative defense cannot succeed under any circumstance. *See Chavez*, 423 F. Supp. 3d at 1108. The Court also disagrees that plaintiff is "left to speculate, without fair notice of this affirmative defense," *see* Docket No. 10 at 6, because the affirmative defense is stated "'in short and plain terms' pursuant to Rule 8(b)(1)(A)," which is all that is required. *See Malibu Media*, 2014 WL 2859618, at *2. Accordingly, the Court will deny the motion to strike defendant's first affirmative defense.

### B. Second Affirmative Defense

Defendant's second affirmative defense is that the complaint "fails to state a claim upon which relief can be granted against [d]efendant." Docket No. 8 at 2, ¶ 2. Plaintiff argues that failure to state a claim is not an affirmative defense. Docket No. 10 at 7.

Failure to state a claim is not an affirmative defense. *See, e.g.*, *Medina*, 2015 WL 13614128, at *1. As the Court explained previously, an affirmative defense "does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven." *Id.* An argument that the plaintiff

failed to state a claim does seek to negate the elements of the plaintiff's claim. It, therefore, is not an affirmative defense. *See, e.g.*, *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof [as to an element plaintiff is required to prove] is not an affirmative defense."); *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988) ("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense."); *Ford Motor Co. v. Transport Indem. Co.*, 795 F.2d 538, 546 (6th Cir. 1986) ("[D]efenses [which] negate an element of the plaintiff's prima facie case . . . are excluded from the definition of affirmative defense."). The Court will therefore strike this defense.

### C.  Third Affirmative Defense

Defendant's third affirmative defense is that the complaint "is barred by the doctrine of unclean hands." Docket No. 8 at 2, ¶ 3. Plaintiff seeks to dismiss this affirmative defense because it is "too conclusory" and is "not sufficient to notify the plaintiff what behavior has allegedly given them 'unclean hands.'" Docket No. 10 at 8 (quoting *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 652 (D. Kan. 2009); *CTF Dev., Inc. v. Penta Hosp., LLC*, 2009 WL 3517617, at *7 (N.D. Cal. Oct. 26, 2009)).

Plaintiff's argument is not convincing. *Hayne* and *CTF Development* are not binding on this court. *Hayne* is further inapposite because it applied the heightened pleading standard to affirmative defenses, which courts in this district reject. *See, e.g.*, *Holdbrook*, 2010 WL 865380, at *2. The Court finds that this affirmative defense is sufficiently pled "'in short and plain terms' pursuant to Rule 8(b)(1)(A)." *See Malibu*

*Media*, 2014 WL 2859618, at *2.  This affirmative defense would also "preclude[] liability even if all of the elements of the plaintiff's claim are proven."  *Medina*, 2015 WL 13614128, at *1.  The Court will therefore deny the motion to strike defendant's third affirmative defense.

### D.  Fourth Affirmative Defense

Defendant's fourth affirmative defense is that plaintiff's complaint for "injunctive relief is barred because it has adequate remedies at law."  Docket No. 8 at 3, ¶ 4.  Plaintiff seeks to strike this affirmative defense as too conclusory, relying again on *Hayne*, which the Court already distinguished.  *See* Docket No. 10 at 8.  Plaintiff also claims that "no federal court has granted this affirmative defense."  *Id.*  Plaintiff cites to *J & J Sports Prods., Inc. v. Jimenez*, 2010 WL 5173717, at *2 (S.D. Cal. Dec. 15, 2010), where the court struck numerous boilerplate affirmative defenses.  Plaintiff's reliance on that case is misplaced.  First, it is not binding on this Court.  Second, the court in that case required the defendant to plead supporting facts for the affirmative defenses, which courts in this district do not require.  *See id.*  Third, nowhere in that decision did the court state that no federal court has "granted" this affirmative defense.

Plaintiff has thus provided no support for its claim that no court has "granted" this defense.  Plaintiff is reminded that it "must support [its] arguments with legal authority," *Robey-Harcourt*, 326 F.3d at 1143; *see also* D.C.COLO.LCivR 7.1(d) ("[A] motion involving a contested issue of law shall state under which rule or statute it is filed and be supported by a recitation of legal authority in the motion."), and that "[t]he submission of unsupported and underdeveloped motions and arguments is unhelpful to

9

the court and impedes the advancement of this litigation and the resolution of this case." *Overhead*, 2021 WL 5882140, at *7.

Defendant, however, in response to the motion, does not explain this defense. Moreover, "adequate remedy at law" is not an affirmative defense because it would not defeat plaintiff's claim even if the allegations are true. *See, e.g.*, *Cejka v. Vectrus Sys. Corp.*, No. 15-cv-02418-MEH, 2018 WL 1005859, at *2 (D. Colo. Feb. 21, 2018) ("first affirmative defense titled 'Adequate Remedy at Law,' . . . will not defeat the [p]laintiffs' claims even if their allegations are true and, thus, [is] not affirmative defense[]"); *see also Energy Intel. Grp., Inc. v. CHS McPherson Refinery, Inc.*, 300 F. Supp. 3d 1356, 1377 (D. Kan. 2018) ("an adequate remedy at law defense is not an affirmative defense"). The Court will strike this defense.

### E. Fifth Affirmative Defense

Defendant's fifth affirmative defense is that plaintiff's complaint for damages is barred because plaintiff would be "unjustly enriched if allowed to recover any portion of the damages" requested in the complaint. Docket No. 8 at 3, ¶ 5. Plaintiff argues that "unjust enrichment is not an affirmative defense," Docket No. 10 at 9 (quoting *Warrior Ins. Grp., Inc. v. Insureon.com, Inc.*, 2000 WL 1898867, at *1 (N.D. Ill. Dec. 29, 2000)), and that the defense is too conclusory. *Id.* (citing *Hayne*, 263 F.R.D. at 648). Plaintiff, however, does not cite to any in-district authority, perhaps because courts in this district are reluctant to strike affirmative defenses, including for unjust enrichment. *See, e.g.*, *Nigro v. Encompass Indem. Co.*, No. 14-cv-03464-MEH, 2015 WL 855069, at *4 (D. Colo. Feb. 26, 2015) (declining to strike affirmative defense that "[p]laintiffs' claims may

be barred or reduced by estoppel, failure of consideration, fraud, material misrepresentation, and/or unjust enrichment" given drastic nature of the remedy).  This Court likewise will not strike this affirmative defense and will deny plaintiff's motion to strike defendant's unjust enrichment affirmative defense because it is adequately developed and plaintiff has shown it causes no prejudice.  *See Unger*, 889 F. Supp. at 422; *Sierra Club*, 176 F. Supp. 2d at 1086.

### F.  Sixth Affirmative Defense

Defendant's sixth affirmative defense is that, if plaintiff incurred any loss or damages, such loss or damages were caused by plaintiff or others over whom defendant is not responsible.  Docket No. 8 at 3, ¶ 6.  Plaintiff argues that this affirmative defense is too generalized to meet "defendant's pleading burden," that defendant has not pled sufficient facts to establish the defense's applicability, and that the affirmative defense is conclusory.  Docket No. 10 at 9 (quoting *Bd. of Trustees of San Diego Elec. Pension Tr. v. Bigley Elec., Inc.*, 2007 WL 2070355, at *3 (S.D. Cal. July 12, 2007)).  Plaintiff's argument is without merit because, as the Court has explained, there is no heightened pleading burden for affirmative defenses, and a short and plainly pled affirmative defense is sufficient.  *See Malibu Media*, 2014 WL 2859618, at *2.  Moreover, plaintiff again misrepresents the cases it cites.  *Bigley* explained that

> A handful of courts have been confronted with the issue of whether a defendant's mere allegation that "plaintiff failed to mitigate damages" is sufficient under the pleading requirements of Rule 8.  These courts have typically held that a generalized statement, such as the one used in the instant case, meets defendant's pleading burden with respect to the affirmative defense of damage mitigation.

*Bigley Elec., Inc.*, 2007 WL 2070355, at *3.  The Court will deny plaintiff's motion to

strike defendant's sixth affirmative defense. *See Malibu Media*, 2014 WL 2859618, at *2; *Sierra Club*, 176 F. Supp. 2d at 1086.

### G.  Seventh Affirmative Defense

Defendant's seventh affirmative defense is that defendant is "entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any [f]ederal or Colorado rule of law or statute." Docket No. 8 at 3, ¶ 7. Plaintiff seeks to dismiss this affirmative defense because, plaintiff argues, "Colorado state law has no place in these federal claims" and "[t]his defense is improper as it is conclusory and focuses on Colorado law," while "[t]here are no state law claims in this action." Docket No. 10 at 10. Plaintiff's argument is without merit. First, plaintiff is incorrect in characterizing this affirmative defense as concerning only state-law issues, as defendant seeks the protection of federal law as well. Docket No. 8 at 3, ¶ 7. Second, in plaintiff's fourth cause of action, which is for deceptive trade practices, plaintiff states, "[t]his cause of action arises under the tort of common law unfair competition in Colorado." Docket No. 1 at 11, ¶ 58.

Defendant's seventh affirmative defense is nothing more than a placeholder assertion that it can invoke any defense or presumption that could conceivably apply. It is so broad and unspecific that it is virtually devoid of meaning. In response to plaintiff's motion, defendant offers no defense of it. The Court will strike this defense.

### H.  Eighth Affirmative Defense

Defendant's eighth affirmative defense is that the complaint is "barred or diminished" by plaintiff's failure to preserve evidence. Docket No. 8 at 3, ¶ 8. Plaintiff

12

argues that this is not an affirmative defense because all parties have an obligation to preserve evidence and preservation of evidence is addressed as an evidentiary or discovery matter.  Docket No. 10 at 10 (citing *ArcelorMittal Ind. Harbor LLC v. Amex Nooter, LLC*, 2017 WL 6508763, at *1 (N.D. Ind. Dec. 20, 2017) ("Spoliation is not properly addressed as an affirmative defense but rather should be addressed as an evidentiary and/or discovery matter, such as through a motion for sanctions.").  The Court agrees that spoliation is not an affirmative defense, and many other courts have held the same.  *See, e.g.*, *Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 155–56 (4th Cir. 1995) ("Even though application of the [spoliation] rule could prove to be critical to a party's recovery on a claim, it is not an affirmative defense, but a rule of evidence, to be administered at the discretion of the trial court."); *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 944 (11th Cir. 2005); *Travelers Prop. Cas. Co. of Am. v. All Seasons Roofing Inc.*, 2016 WL 8730570, at *1 (E.D. Ark. Sept. 9, 2016) (holding that spoliation is not an affirmative defense but rather an evidentiary doctrine that can be used as a "spear" by seeking the sanction of dismissal (citing *Sherman v. Rinchem Co. Inc.*, 687 F.3d 996, 1006 (8th Cir. 2012)); *Ross v. Kopocs*, 2015 WL 926580, at *3 (E.D. Tenn. Mar. 4, 2015); *Allstate Ins. Co. v. Long Island Power Auth.*, 2015 WL 867064, at *3 (E.D.N.Y. Feb. 27, 2015); *Holley v. Evangelical Lutheran Good Samaritan Soc'y*, 2012 WL 12903865, at *2-3 (D.N.M. Sept. 14, 2012); *ABC Bus. Forms, Inc. v. Pridamor, Inc.*, 2009 WL 4679477, at *3 (N.D. Ill. Dec. 1, 2009) (quoting *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001)); *Tenet Healthsystem Desert, Inc. v. Fortis Ins. Co., Inc.*, 520 F. Supp. 2d 1184, 1198 (C.D. Cal. 2007); *Berger v. Cleveland Clinic Found.*,

13

2007 WL 2902907, at *12 (N.D. Ohio Sept. 29, 2007); *Donohoe v. Am. Isuzu Motors, Inc.*, 155 F.R.D. 515, 520 (M.D. Pa. 1994). The Court, therefore, will strike this defense.

### I.  Ninth Affirmative Defense

Defendant's ninth affirmative defense is that plaintiff has failed to mitigate its damages. Docket No. 8 at 3, ¶ 9. Plaintiff argues that this affirmative defense is redundant with the sixth affirmative defense and is too conclusory. Docket No. 10 at 11. The Court disagrees that this defense, which is that plaintiff was responsible for some or all of its losses, Docket No. 8 at 3, ¶ 6, is duplicative of the defense that plaintiff did not take reasonable steps to mitigate damages. *Id.*, ¶ 9. Regardless, plaintiff has not shown that including this defense, even if it were redundant, prejudices plaintiff. *See Sierra Club*, 176 F. Supp. 2d at 1086; *Sender*, 423 F. Supp. 2d at 1164 ("Most important, redundant allegations need not be stricken if their presence in the pleading cannot prejudice the adverse party." (quotation and alteration omitted)). The Court does not address plaintiff's argument that the defense is conclusory for the reasons discussed previously. The Court therefore will not strike this affirmative defense.

### J.  Tenth Affirmative Defense

Defendant's tenth affirmative defense is that the complaint is barred by the doctrine of laches. Docket No. 8 at 3, ¶ 10. Plaintiff argues that this defense is too conclusory and that the defense of laches does not apply where the trademark infringement is willful. Docket No. 10 at 11 (citing *ILC Trademark Corp. v. Aviator*

*Nation, Inc.*, 2020 WL 6886436, at *12 (C.D. Cal. Nov. 24, 2020), *appeal dismissed*, 2021 WL 2817019 (9th Cir. Apr. 8, 2021). Only one of plaintiff's six claims is for willful trademark infringement, *see* Docket No. 1 at 5–14, ¶¶ 40–75, so even assuming plaintiff is correct that laches does not apply as a defense to a willful trademark infringement claim, plaintiff has not shown that laches could not apply to its other five claims. For the reasons discussed previously, the Court does not address plaintiff's argument that the defense is conclusory, and plaintiff has not shown prejudice. *See Malibu Media*, 2014 WL 2859618, at *2; *Sierra Club*, 176 F. Supp. 2d at 1086.

### K.  Eleventh Affirmative Defense

Defendant's eleventh affirmative defense is that the complaint is "substantially groundless, substantially frivolous, or substantially vexatious," entitling defendant to attorneys' fees pursuant to Colo. Rev. Stat. § 13-17-102. Docket No. 8 at 4, ¶ 11. Plaintiff argues that this affirmative defense is improper and conclusory because this lawsuit is based on federal law. Docket No. 10 at 12. As mentioned previously, plaintiff's arguments that the affirmative defenses are "conclusory" are not persuasive. Moreover, plaintiff does bring a claim under Colorado state law, so plaintiff's representation that only federal law is at issue is inaccurate, and courts have held that state law governs attorneys' fees for state-law claims. *See, e.g.*, *Equals Int'l, Ltd. v. Scenic Airlines*, 35 F. App'x 532, 534 (9th Cir. 2002) (unpublished); *MRO Commc'ns, Inc. v. AT&T*, 197 F.3d 1276, 1279 (9th Cir. 1999); *Ozbakir v. Scotti*, 906 F. Supp. 2d 188, 192 (W.D.N.Y. 2012) ("[I]n an action arising under state law, a federal court applies the law of the relevant state in determining whether to award attorney's fees.");

*Crommie v. Cal. Pub. Util. Comm'n*, 840 F. Supp. 719, 721 (N.D. Cal. 1994) (noting that federal courts apply state attorneys' fee law to pendent state-law claims).  The parties provide no case, and the Court is aware of none, construing a request for attorneys' fees under Colo. Rev. Stat. § 13-17-102 as an affirmative defense or holding that a defendant waives such a request by failing to plead it as an affirmative defense.  Moreover, a request for attorneys' fees would not "preclude[] liability even if all of the elements of the plaintiff's claim are proven" and, therefore, is not an affirmative defense.  See *Medina*, 2015 WL 13614128, at *1.  Accordingly, the Court will strike this defense.

### L.  Twelfth Affirmative Defense

Defendant's twelfth affirmative defense is that the complaint is barred because defendant's alleged acts or omissions were made in good faith and in conformity with applicable laws and rules.  Docket No. 8 at 4, ¶ 12.  Plaintiff argues that this affirmative defense is conclusory, that Colorado law has no bearing on this case, and that good faith is not a valid defense to trademark infringement.  Docket No. 10 at 12–13.  Plaintiff's arguments fail.  First, although it is not clear what Colorado-law defense, if any, defendant may be contemplating here, plaintiff's argument that Colorado law has no bearing on this case is inaccurate.  Second, plaintiff's argument that this defense is conclusory is not grounds to dismiss the defense.  See *Malibu Media*, 2014 WL 2859618, at *2.  Third, even if good faith is not a defense to a willful trademark violation, that is not sufficient to dismiss the defense because, as mentioned, plaintiff brings other claims, and plaintiff has not shown that good faith is not a defense to those claims.

Fourth, good faith may "preclude[] liability even if all of the elements of the plaintiff's claim are proven." *See Medina*, 2015 WL 13614128, at *1. The Court will not strike this defense.

### M.  Thirteenth Affirmative Defense

Defendant's thirteenth affirmative defense is that the complaint is barred by waiver. Docket No. 8 at 4, ¶ 13. Plaintiff argues that waiver does not apply here because defendant has not shown that plaintiff intentionally relinquished a right. Docket No. 10 at 13 (citation omitted). Plaintiff also argues that citation to a legal doctrine is insufficient to meet defendant's burden. *Id.* Defendant had no obligation at this stage to bolster its affirmative defenses with factual support. *See Holdbrook*, 2010 WL 865380, at *2. The Court will deny plaintiff's motion to dismiss this affirmative defense. *See Malibu Media*, 2014 WL 2859618, at *2; *Sierra Club*, 176 F. Supp. 2d at 1086.

### N.  Fourteenth Affirmative Defense

Defendant's fourteenth affirmative defense is that the complaint is barred by estoppel. Docket No. 8 at 4, ¶ 14. Again, plaintiff argues that defendant has not met his pleading burden, Docket No. 10 at 14, which the Court need not address again. Plaintiff also argues that it is "aware of no facts that can support the doctrine of estoppel." *Id.* Defendant, of course, did not have to develop this affirmative defense in its answer, *see Malibu Media*, 2014 WL 2859618, at *2; *Holdbrook*, 2010 WL 865380, at *2, and the issue of whether plaintiff is aware of facts that could support a waiver defense is not relevant to the question of whether the defense should be stricken at this

17

stage. The Court finds that striking this defense, which could be developed later, is not appropriate, and plaintiff has not shown that this affirmative defense causes it prejudice. See Sierra Club, 176 F. Supp. 2d at 1086.

### O. Reservation of Additional Affirmative Defenses

Defendant's answer concludes by reserving "the right to rely upon and assert any additional applicable factual and legal defenses that may become available or apparent following discovery and further investigation of this case." Docket No. 8 at 4. Plaintiff's final argument is that defendant's "reservation of future affirmative defenses" is conclusory, vague, and not an affirmative defense at all. Docket No. 10 at 15. Of course, such concerns did not stop plaintiff from including in the Overhead case the following: "[d]efendant reserves all affirmative defenses under Rule 8 of the Federal Rules of Civil Procedure and any other defenses, at law or in equity, that may now exist or may in the future be available based on discovery and further factual investigation in this case." Case No. 19-cv-01741, Docket No. 24 at 9.

The Court "must strike [a] defense only if it cannot be maintained under any set of circumstances," Nacchio, 438 F. Supp. 2d at 1287, and if there is any doubt about the defense's validity, it should not be stricken. Sender, 423 F. Supp. 2d at 1163. However, although plaintiff has not shown that defendant's reservation is legally insufficient or that, under no set of circumstances, would an additional affirmative defense be appropriate, reservation language such as defendant provides here is "not even an affirmative defense – it is simply a statement reserving [defendant's] right to amend [his] defenses in the future." See Tavasci v. Cambron, 2016 WL 6405896, at

*17 (D.N.M. Oct. 1, 2016); see also Lane, 272 F.R.D. at 601 ("A reservation of unpled defenses is not a defense of any kind, much less an affirmative one.") (quoting Mission Bay Ski & Bike, 2009 WL 2913438, at *5 (U.S. Bankr. N.D. Ill. 2009)). If, through discovery, defendant uncovers facts that could lead it to assert new affirmative defenses, defendant may seek to amend its answer. The Court will strike this reservation.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that plaintiff's Motion to Strike Defendant's Affirmative Defenses [Docket No. 10] is **GRANTED in part** and **DENIED in part**.

DATED March 30, 2022.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge